IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


RONALD ADAMS,

        Plaintiff,                CV F 05 0671 OWW WMW PC

        vs.                     ORDER DISMISSING COMPLAINT
                                   WITH LEAVE TO
                                   FILE AN AMENDED COMPLAINT

                                   (THIRTY DAY DEADLINE)

P. L. VASQUEZ, et al.,

        Defendants.


        Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at California State Prison Sacramento, brings this civil rights action against defendant correctional officials employed by the CDCR at Wasco State Prison.   Plaintiff's  claims in this complaint relate to the conditions of his confinement.  Specifically, Plaintiff challenges the adequacy of his medical care.

        Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

1  must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.

2  Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether

3  medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must

4  examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must

5  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id.

6  at 1132.

7       Plaintiff's allegations related to his treatment for diabetes.  Plaintiff alleges that he was

8  received at Wasco State Prison on March 11, 2004.  Plaintiff suffers from a "heart ailment,"

9  diabetes, hypertension, and an allergy to peanuts.  Plaintiff arrived at Wasco from another prison.

10  Upon his arrival, Plaintiff advised officials at Wasco that he had a chrono allowing him 2 lunch

11  meals a day, due to his diabetes.  Plaintiff alleges that "Wasco State Prison doctors" informed

12  him that his chrono would continue.  Plaintiff alleges that his other chronos were received, but

13  two of them were not received at Wasco - the two meal chron and the no peanut butter chrono.

14       Plaintiff alleges that C/O Moore began to press him about his two lunch chrono, "because

15  it was written at another prison."  Moore advised Plaintff that he needed an updated chrono

16  issued by medical staff at Wasco.

17       On May 10, 2004, Plaintiff filed an inmate grievance regarding the chronos.  Plaintiff

18  indicated that the earlier chronos were issued at another prison, and were based upon

19  recommendations of a registrd dietician at Doctor's Hospital in Manteca.  On June 7, 2004,

20  Plaintiff's inmate appeal was granted at the informal level, granting as relief that Plaintiff would

21  be evaluated.  On June 23, 2004, Plaintiff was interviewed by the registered dietician at Wasco, J.

22  Ng.

23       Plaintiff alleges that during the interview, he explained that he was allergic to peanut

24  butter, and that the lunches at Wasco included peanut butter sandwiches two to three times a

25  week.  Plaintiff also explained that "he does not eat red meat at all, or food with meat sauce or

26

2

gravy because plaintiff has not eat any of this food for five years for hypertension which has been contral with medications and the food he eats."   Plaintiff also advised Ng that he was a diabetic.

Plaintiff also produced documentation at the interview.  Plaintiff showed Ng the recommendation from the dietician.  Plaintiff also produced a medical chrono written by Dr. McArthure on July 1, 2003 for "recommendation for two meal sack lunch for one year." Pursuant to CDCR policy, chronos can not be written for more than one year.   Plaintiff also showed Ng a memorandum written "to the last prison where the plaintiff had a problem with medical chronos at Folsom State Prison.  This memo read effective April 16, 2002 you no longer need to rewrite valid and existing chronos."

Plaintiff also explained to Ng that he had been prescribed rapid onset medications, glipizide and metformin.  Plaintiff advised Ng of the side effects and dietary implications of the medication.   Plaintiff also showed Ng the prison weekly menu.

Ng told Plaintiff "that she understood why having the two lunch chrono was very important and she would recommend that Plainitff 2 lunch chrono would be renew, and no peanut buuter chrono."

On July 16, 2004, Plaintiff was seen by Dr. Shen.  Dr. Shen advised that he would write a renewal of the 2 lunch chrono, and that the allergy test showed an allergy to peanut butter.

Plaintiff alleges that on July 19, 2004, C. Gipson falsified the response to the inmate grievance by "not writing all of what J. Ng wrote in her notice or report."  Gipson also allegedly falisified "that Dr. Shen did not issue an extra sack lunch chrono which was recommended by the dietician who wrote that the palintiff needed two lunches to survive."

At the second level of appeal, Health Care Manager M. Sonser "was not truthful in his appeal response."  Plaintiff specifically alleges that Sonser was not truthful, indicating that Plaintiff did not need a two lunch chrono or a no peanut butter chrono.

On November 24, 2004, Plaintiff's grievance was denied at the Director's level of review.

1    Plaintiff alleges that the appeal was denied on "erroneous information submitted by M. Sonser

2    and C. Gipson."

3           Though Plaintiff has alleged facts indicating that Sonser and Gipson knew of and

4    disregarged a risk to Plaintiff's health or safety, he has not alleged any facts indicating how he

5    was injured.  In a constitutional tort, as in any other, a plaintiff must allege that the defendant's

6    actions caused him some injury.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S.

7    274, 285-87 (1977).   The PLRA states that "[n]o Federal civil action may be brought by a

8    prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury

9    suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

10          As to the remaining defendants, the statute plainly requires that there be an actual

11   connection or link between the actions of the defendants and the deprivation alleged to have been

12   suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

13   v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to

14   the deprivation of a constitutional right, within the meaning of section 1983, if he does an

15   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

16   legally required to do that causes the deprivation of which the complaint is made."  Johnson v.

17   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18          The court finds the allegations in plaintiff's complaint as to the remaining defendants to

19   be vague and conclusory.   The court has determined that the complaint does not contain a short

20   and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

21   flexible pleading policy, a complaint must give fair notice and state the elements of the claim

22   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

23   Plaintiff must allege with at least some degree of particularity overt acts which defendants

24   engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

25   requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will,

26

4

1    however, grant leave to file an amended complaint.

2         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

3   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

4   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

5   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

6   there is some affirmative link or connection between a defendant's actions and the claimed

7   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

8   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This is because, as a

12   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

13   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

14   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

15   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's complaint is dismissed; and

18         2.  Plaintiff is granted thirty days from the date of service of this order to file a

19   first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

20   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

21   docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

22   file an amended complaint in accordance with this order will result in a recommendation that this

23   action be dismissed.

24

25

26

1    IT IS SO ORDERED.

2    **Dated:    July 7, 2008**            **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26