# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ADAMS, | CASE NO. 1:05-cv-00671-OWW-WMW (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS |
| P.L. VAZQUEZ, et al., | (Doc. 19) |
| Defendants. | |

**I.    FINDINGS**

    **A.    Procedural History**

Ronald Adams ("Plaintiff") is a state prisoner proceeding pro se. The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 24, 2005. (Doc. 1.) Prior to screening, Plaintiff filed the First Amended Complaint. (Doc. 14.) The First Amended Complaint was screened and dismissed with leave to amend. (Doc. 18.) On July 21, 2008, Plaintiff filed the Second Amended Complaint which is presently before the Court. (Doc. 19.)

    **B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Plaintiff's First Amended Complaint

Plaintiff is currently a state prisoner at California State Prison Sacramento ("SAC") in Represa, California. Plaintiff was formerly imprisoned at California State Prison, Los Angeles County ("LAC") in Lancaster, California and Wasco State Prison ("WSP") in Wasco, California -- where the acts he complains of occurred.

Plaintiff names the following defendants: WSP Warden P.L. Vazquez; Health Coordinator C. Gipson; Health Care Manager M. Nonger; Dr. Shen; Chief Medical Officers Dr. Attygalla and J. Fitter; Dietician J. Ng; Appeal Examiner P. Enriquez; California Department of Corrections and Rehabilitation Secretary James Tilton; and Dr. P. Fortaleza. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff alleges that he suffers from diabetes, a heart ailment (with history of a heart attack), hypertension, and a food allergy to peanuts. For over five years prior to the times at issue in this case, he had not eaten red meat at all because of the dangers it posed to his heart and hypertension conditions. (Doc. 19, pg. 10.) As a result, he required oral medication for his diabetes and medical chronos (as written by Dr. McArthur at LAC) to be allowed to obtain two lunch sacks each day so that he could discard any items containing meat and/or peanut butter,

while eating double amounts of the remaining items. Plaintiff claims that, while at LAC, he filed a medical inmate appeal and was examined at the first level by Dr. Attygalla. (Id. at pg. 6.) Plaintiff explained to Dr. Attygalla that he needed to have double lunch chronos to have extra food on hand to eat since his diabetic medications could cause his blood sugar levels to drop dangerously, which could cause diabetic shock and death. Plaintiff's appeal was partially granted in as much as he had seen Dr. Attygalla. Dr. Attygalla stated that Plaintiff did not require an extra lunch or nourishment bag because he was not dependent on insulin. (Id.) Plaintiff appealed to Staff Physician Dr. P. Fortaleza and CMO J. Fitter at the second level. However, while Plaintiff's second level appeal was pending, he was transferred to WSP. (Doc. 19, pg. 6.) Dr. Fortaleza and Fitter explained that Plaintiff could address his concerns at WSP. (Id.) After transfer to WSP, Plaintiff's appeal was sent to the Director's Level and assigned to Appeals Examiner P. Enriquez – who partially granted Plaintiff's appeal, ordering that he be evaluated at WSP to determine whether chronos he had received for peanut allergy and double lunches (among others) should be renewed. In April of 2004, WSP medical staff refused to perform peanut allergy tests and WSP staff began to "press" Plaintiff about his two lunch chrono. (Id. at pg. 7.) At WSP, Plaintiff met with Dietician Ng who said she would make a request that his double lunch chrono be renewed, but it was not renewed. (Id. at pg. 9.) Plaintiff filed an grievance at WSP seeking the two lunch chronos. Plaintiff again met with Dietician Ng who understood and indicated she would recommend a two lunch chrono and a no peanut butter chrono. Dr. Shen thereafter advised that he would rewrite the double lunch chrono, and confirmed that Plaintiff's tests came back as allergic to peanut products. (Id. at pg. 12.) In that first level response to Plaintiff's appeal at WSP, C. Gipson failed to write everything that Ng wrote in her notice or report and erroneously reported that Dr. Shen did not issue an extra lunch chrono as recommended by Ng. (Id.) At the second level, Plaintiff's appeal was answered by M. Songer who erroneously wrote that no extra sack lunch was authorized and that Dr. Shen had required monitoring of Plaintiff's weight. (Id. at pp. 12-13.) P. Enriquez was also assigned to the examiner on this appeal at the third level. P. Enriquez altered Plaintiff's statements and issued a decision that no medical documentation was provided to show extra food was granted.

3

1 (Id.) Further, P. Enriquez errantly failed to investigate Plaintiff's case and erroneously noted that Dr. Shen wanted to monitor Plaintiff's weight when Dr. Shen had never weighed Plaintiff. P. Enriquez denied Plaintiff's appeal at the Director's Level. (Id. at pp. 13-14.) Plaintiff stopped taking his diabetes medication because he was unable to obtain two lunches or other diabetic nourishment snack. (Id. at pg. 16.)

Plaintiff fails to state a cognizable claim against any defendants. Since Plaintiff was given the applicable legal standards in the Court's screening order it appears Plaintiff is unable to present factual allegations to state a cognizable claim.[1] Plaintiff's Second Amended Complaint suffers from a number of uncorrectable deficiencies which now require dismissal with prejudice.

### D. Plaintiff's Claims

#### 1. Deliberate Indifference to Serious Medical Needs

Plaintiff's first claim for relief is against Defendants Dr. Shen, Dietician Ng, C. Gipson, M. Songer, Dr. Fortaleza, Fitter, Dr. Attygalla, P. Enriquez, Secretary Tilton, and Warden Vazquez.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

---

[1] See Order Dismissing Complaint With Leave to File an Amended Complaint. Doc. 18.

4

other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference can be manifested by intentionally denial or delay of access to medical care, or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, where a prisoner alleges a denial of, or delay in receiving medical treatment, the prisoner must allege that the delay led to further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) (no claim for deliberate medical indifference unless denial of medical care was harmful).

Plaintiff clearly alleges that he needed and had difficulty obtaining chronos for a double lunch and to avoid peanut products. However, he fails to state allegations to show any harm that he actually suffered as a result of any such delay in obtaining these chronos. Plaintiff makes various non-specific allegations that low blood sugar level "could" cause diabetic shock and lead to death (Doc. 19, pg. 5); "could" lead to death (Id. at pg. 15.); and "can" cause death (Id.). However, despite having been previously advised that he has no cognizable claim without causation of injury, Plaintiff fails, and thus appears wholly unable to, allege any injury that he sustained as a result of the delay in obtaining chronos for a double lunch and to avoid peanut products. Thus, Plaintiff fails, and appears unable to state cognizable claims against Defendants Dr. Shen, Dietician J. Ng, Health Program Coordinator C. Gipson, Health Care Manager M. Songer, Dr. P. Fortaleza, CMO J. Fitter, Dr. Attygalla, Appeals Examiner P. Enriquez, CDCR Secretary Tilton, and Warden Vazquez for being deliberately indifferent to his serious medical needs for any delay/denial of chronos for a double lunch and to avoid peanut products. All such claims are properly dismissed.

### 2. Due Process – Medical Inmate Appeals

Plaintiff's second claim for relief is based on allegations that Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, J. Fitter, and P. Enriquez violated his due process rights in the processing, and reviewing of his 602 inmate appeals related to the delay/denial of chronos for a double lunch and to avoid peanut products.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals,

Plaintiff fails, and is unable to state a cognizable claim purely for the processing and/or reviewing of his inmate appeals. Plaintiff's claims must next be evaluated for stating the elements for a claim under the Eight Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals. If Plaintiff states a cognizable claim against a defendant for deliberate indifference to his serious medical needs, he will likely also be able to state a cognizable claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue.

Since Plaintiff fails to show that Defendant P. Enriquez has any medical training, he has neither a liberty interest, nor a substantive right that P. Enriquez could have infringed upon via review/processing his medical appeals. Further, this Court has found that at least one Appellate Circuit has held that "[o]nce a [non-medical] prison grievance examiner becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." <u>Greeno</u>, 414 F.3d at 656 citing <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") This Court concurs with the analysis in <u>Greeno</u> and <u>Spruill</u>. Thus, Plaintiff fails to state a cognizable claim against Defendant P. Enriquez for his/her actions and/or involvement in reviewing, processing, and/or ruling on his medical inmate appeals.

As previously discussed, Plaintiff fails to state a cognizable claim against Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, and J. Fitter for the delay/denial of chronos for a double lunch and to avoid peanut products. Plaintiff thus also fails to state cognizable claims against Defendants Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, and J. Fitter for deliberate indifference to Plaintiff's serious medical need via their actions and/or involvement in reviewing, processing, and/or ruling on Plaintiff's medical inmate appeals regarding the delay/denial of chronos for a

double lunch and to avoid peanut products. All such claims are properly dismissed.

### 3. Cruel and Unusual Punishment

Plaintiff's third claim for relief is against Defendants Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, J. Fitter, Dr. Attygalla, J. Ng, P. Enriquez, Secretary Tilton, and Warden Vazquez for inflicting cruel and unusual punishment in violation of the Eighth and Fourth Amendments.

One who makes a claim under the cruel and unusual punishments clause must show that the state has created risk or inflicted pain pointlessly. "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (See Johnson v. Phelan, 69 F.3d 144, 147 (1995) citing: Whitley v. Albers, 475 U.S. 312, 319 (1986) (internal quotations omitted) see also Rhodes v. Chapman, 452 U.S. 337 (1981); Wilson v. Seiter 501 U.S. 294, 289-300 (1991); Helling v. McKinney 509 U.S. 25 (1993). Plaintiff fails to state any allegations to describe his experiencing pain, let alone being subjected any unnecessary and wanton pain. Thus, Plaintiff fails and is unable to state cognizable claims against Defendants Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, J. Fitter, Dr. Attygalla, J. Ng, P. Enriquez, Secretary Tilton, and Warden Vazquez for inflicting cruel and unusual punishment in violation of the Eighth Amendment. All such claims are properly dismissed.

The Fourth Amendment does not provide constitutional protection from cruel and unusual punishment. Thus, Plaintiff fails and is unable to state cognizable claims against Defendants Dr. Shen, C. Gipson, M. Songer, P. Fortaleza, J. Fitter, Dr. Attygalla, J. Ng, P. Enriquez, Secretary Tilton, and Warden Vazquez for inflicting cruel and unusual punishment in violation of the Fourth Amendment. All such claims are properly dismissed.

### 4. Supervisory Liability

Plaintiff named defendants WSP Warden P.L. Vazquez; Health Coordinator C. Gipson; Health Care Manager M. Nonger; Chief Medical Officers Dr. Attygalla and J. Fitter; Appeal Examiner P. Enriquez; and CDCR Secretary James Tilton -- each of whom holds supervisorial positions.

Supervisory personnel are generally not liable under section 1983 for the actions of their

employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed above, Plaintiff has not alleged any facts indicating that defendants WSP Warden P.L. Vazquez; Health Coordinator C. Gipson; Health Care Manager M. Nonger; Chief Medical Officers Dr. Attygalla and J. Fitter; Appeal Examiner P. Enriquez; and CDCR Secretary James Tilton personally participated in deprivation(s) of his constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff thus fails to state cognizable claims against WSP Warden P.L. Vazquez; Health Coordinator C. Gipson; Health Care Manager M. Nonger; Chief Medical Officers Dr. Attygalla and J. Fitter; Appeal Examiner P. Enriquez; and CDCR Secretary James Tilton.

**5. Injunctive Relief**

Plaintiff seeks injunctive relief. 18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief

is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Plaintiff fails to state a cognizable claim for violation of any of his Federal rights. Thus, there is no need for the Court to address Plaintiff's request for prospective injunctive relief at this time. Further, because plaintiff is no longer incarcerated at WSP, his claim for injunctive relief at that facility is moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

## II.     RECOMMENDATION

The Court finds that Plaintiff has failed and is unable to state a cognizable claim against any of the named defendants.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 8, 2009**                               /s/  **William M. Wunderlich**
                                                                    UNITED STATES MAGISTRATE JUDGE